# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BOBBIE WHITE,

              Plaintiff,

v.

BILLY PONTOW, KURT VOSSEKUIL
AMANDA DOWLING, and
WARDEN MICHAEL MEISNER,

              Defendants.

Case No. 23-CV-250-JPS

**ORDER**

      Plaintiff Bobbie White, an inmate confined at Kettle Moraine Correctional Institution, filed a pro se complaint in Dodge County Circuit Court. ECF No. 1-1. On February 23, 2023, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1446. ECF No. 1 at 1. On March 6, 2023, Plaintiff filed objections to the removal, which the Court liberally construes as a motion to remand. ECF No. 4. On March 14, 2023, Defendants filed a motion to stay the answer deadline and for screening of the inmate complaint. ECF No. 7. On March 30, 2023, Plaintiff filed a motion to amend the complaint, ECF No. 8, and filed an accompanying amended complaint on April 10, 2023, ECF No. 9. This Order addresses Plaintiff's objection to the removal, resolves his motion to amend, and screens the amended complaint.

1.    **REMAND**

      Plaintiff's basis for his objection to removal is simply that he filed his case in state court and wishes for it to remain there. ECF No. 4. This objection, however, is insufficient to defeat proper a removal. Under 28 U.S.C. § 1441(a), a defendant may remove a "civil action brought in a State

court of which the district courts of the United States have original jurisdiction." A party who opposes the removal may file a motion to remand the case to state court. *See* 28 U.S.C. § 1447(c).

Here, Defendants contend that this Court has original jurisdiction over Plaintiff's state-court action under 28 U.S.C. § 1331, which grants district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a civil action arises under federal law is determined by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Based on the factual allegations of Plaintiff's original complaint, it is not entirely clear if Plaintiff intended to bring federal claims. He claims that the complaint is brought on the grounds of "negligence, and deliberate indifference for causing plaintiff's health risk of harm for failure to follow proper procedures." ECF No. 1-1 at 4. Plaintiff's allegations involve a portion of the ceiling falling on him and not receiving proper treatment for his injuries. *Id.* at 4. Plaintiff did not object to removal on the basis of a lack of this Court's original jurisdiction of his claims. Based on the factual allegations and Plaintiff's lack of objection, the Court is satisfied that the original complaint brought federal claims, making Defendants' removal of

this case proper.¹ The Court will accordingly deny Plaintiff's objection to the removal, construed as a motion to remand.

**2.     AMENDMENT**

Federal Rule of Civil Procedure 15 allows amendment once as a matter of course either within twenty-one days of serving it or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Rule 15 also provides that a Court should freely grant leave to amend when justice so requires. Civil Local Rule 15 requires that a motion to amend a complaint notify the court of the proposed changes and the proposed amended complaint be filed as an attachment to the motion.

Plaintiff filed his motion to amend prior to the Court screening the complaint. *See* ECF No. 8. Plaintiff indicates that he seeks amendment to comply with the federal rules and regulations. As such, the Court finds amendment to be proper, and will accordingly grant Plaintiff's motion to amend. Plaintiff's amended complaint, ECF No. 9, will be the operative complaint in this action.

**3.     SCREENING THE COMPLAINT**

**3.1     Federal Screening Standard**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are

---

¹Although not at issue in the Court's remand analysis, Plaintiff's amended complaint clearly indicates that he is suing for a violation of federal law, s*ee* ECF No. 9 at 6, which furthers suggests that Plaintiff's original complaint brought federal claims.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 3.2 Plaintiff's Allegations

Plaintiff alleges that on December 28, 2021, he was hit in the head by dry wall/tile and it caused him to fall and injure himself. ECF No. 9 at 4. Sgt.

Schrader ("Schrader") witnessed Plaintiff on the shower floor in pain. *Id.* Schrader located the piece of ceiling on the floor (approximately 4x8 inches). *Id.* Plaintiff was taken to the Health Services Unit ("HSU") on December 29, 2021, and Schrader wrote an incident report. *Id.* Defendant Kurt Vossekuil ("Vossekuil") was the building and grounds superintendent and L. Bartow forwarded Vossekuil "the recommendation." *Id.* Plaintiff alleges that Defendants were aware of the drop ceiling tile falling because of numerous complaints about the ceiling falling on other people. *Id.* Additionally, staff had previously worked on the ceiling and left it unfinished for eighteen months. *Id.* Plaintiff then contacted HSU and stated that he needed physical therapy for his back due to pain. *Id.* Plaintiff was instructed that he would be seen by nursing. *Id.*

On February 11, 2022, Plaintiff again contacted HSU stating that he was in so much pain, that his head and back hurt, and that he no longer had pain medication. *Id.* On February 13, 2022, ceiling tile fell again (Plaintiff was not injured). Vossekuil was still aware of the harmful ceiling tile, but he refused to fix it. *Id.*

On February 20, 2022, Plaintiff contacted HSU for his pain. *Id.* at 5. On February 21, 2022, Plaintiff contacted HSU again for his pain and stated "PLEASE HELP ME my neck hurt so bad I don't know what it is." *Id.* Plaintiff contacted HSU again on April 9, 2022, to obtain muscle relaxers and an extra mat. *Id.* Plaintiff contacted HSU again on May 3, 2022. *Id.*

On June 7, 2022, Plaintiff submitted a health service request about his May 3 request. *Id.* HSU wrote back saying that an appointment was scheduled but Plaintiff never received one. *Id.* A month later, HSU responded that a provider appointment was scheduled on May 12, 2022, for hypertension/dry skin and a provider appointment was re-entered for back

pain. *Id.* On July 18, 2022, Plaintiff contacted PSU that he was having dreams of falling and was unable to sleep. *Id.*

On February 16, 2022, Plaintiff contacted psychological services, stating that he needed to see someone because he hit his head and he was unable to sleep. *Id.* After falling in the shower on February 20, 2022, Plaintiff wrote to psychological services again. *Id.* Defendant Dr. Dowling ("Dowling") responded that Plaintiff should communicate his medical concerns to HSU and he intentionally overlooked the psychological outcome of Plaintiff's injuries. *Id.*

After Plaintiff was seen for his injuries from falling in the shower, Defendant Sgt. Pontow ("Pontow") began to harass and retaliate against Plaintiff. *Id.* Pontow said, "You're not hurt, I'll make you walk through the pain…All of a sudden you go into the shower room and get it, then now you can't walk? Yeah right!" *Id.* Plaintiff filed an inmate complaint about Pontow harassing him. *Id.*

### 3.3 Analysis

First, the Court finds that Plaintiff may proceed against Dowling for an Eighth Amendment deliberate indifference claim for her indifference to Plaintiff's medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d

Page 6 of 12
Case 2:23-cv-00250-JPS    Filed 07/05/23    Page 6 of 12    Document 11

556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640). At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Dowling. Plaintiff alleges a potentially serious medical condition of a psychological condition, and that Dowling intentionally denied him medical treatment. As such, Plaintiff may proceed against Dowling for an Eighth Amendment deliberate indifference claim for her indifference to Plaintiff's serious medical need. The Court notes that Plaintiff appears to allege deficiencies in his physical medical treatment for his back injury but does not name additional medical defendants. In the event that Plaintiff sought to bring claims against additional defendants for his medical treatment, Plaintiff may seek leave of the Court to amend his complaint if necessary.

Second, Plaintiff may proceed on an Eighth Amendment conditions of confinement claim against Vossekuil. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013). Plaintiff alleges that Vossekuil was aware of the dangerous state of the ceiling that fell on inmates, and that he did nothing to fix it over a period of months. At the pleadings stage, the Court finds the allegations sufficient to proceed on an Eighth Amendment conditions of confinement claim against Vossekuil.

Third, the Court finds that Plaintiff may not proceed against Defendant Warden M. Meisner ("Meisner"). Section 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle,* 599 F.3d 583, 588 (7th Cir. 2010). Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson,* 538 F.3d 763, 778 (7th Cir. 2008). Plaintiff does not allege any personal involvement or even mention Meisner in the body of his complaint. As such, the Court will dismiss Meisner from this action.

Finally, the Court finds that Plaintiff may not proceed against Pontow for verbal harassment. Except in *exceptional* circumstances, verbal

abuse or harassment from prison officials does not constitute cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by *Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (*en banc*). But when the comments are repeated and of a certain nature, they may increase the plaintiff's risk of physical or psychological harm from fellow inmates. *See Beal,* 803 F.3d at 358–59. Plaintiff generally alleges that Pontow harassed and retaliated against him following his injury and that Pontow did not believe Plaintiff's story. The Court finds that Plaintiff's allegations of verbal harassment do not rise to the level of an Eighth Amendment violation. As such, the Court will dismiss Pontow from this action.

### 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate-indifference claim against Dowling for her indifference to Plaintiff's serious medical need.

**Claim Two:** Eighth Amendment conditions of confinement claim against Vossekuil.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises

all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection, construed as a motion to remand, ECF No. 4, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint, ECF No. 8, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' motion to stay the answer deadline and for screening, ECF No. 7, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendants Pontow and Meisner be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Dowling and Vossekuil**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing

an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

    **IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

    Dated at Milwaukee, Wisconsin, this 5th day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 11 of 12
Case 2:23-cv-00250-JPS   Filed 07/05/23   Page 11 of 12   Document 11

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.