# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BOBBIE WHITE,<br><br>         Plaintiff,<br><br>v.<br><br>KURT VOSSEKUIL and AMANDA DOWLING,<br><br>         Defendants. | Case No. 23-CV-250-JPS<br><br>**ORDER** |

  Plaintiff Bobbie White ("Plaintiff"), an inmate at Kettle Moraine Correctional Institution ("KMCI"), filed a pro se complaint in Dodge County Circuit Court alleging that Defendants violated his constitutional rights, and Defendants removed it to this Court pursuant to 28 U.S.C. §§ 1441, 1446. ECF No. 1. On July 5, 2023, the Court screened the amended complaint and allowed Plaintiff to proceed on the following two claims: (1) Eighth Amendment deliberate-indifference claim against Defendant Amanda Dowling ("Dowling") for her indifference to Plaintiff's serious medical need; and (2) Eighth Amendment conditions of confinement claim against Defendant Kurt Vossekuil ("Vossekuil"). ECF No. 11 at 9.

  On August 18, 2023, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. ECF No. 12. Following an extension, Plaintiff filed a brief in opposition on October 16, 2023, ECF No. 19, and Defendants filed a reply on October 30, 2023, ECF No. 21. The motion is now fully briefed, and, for the reasons explained below, the Court will grant Defendants' motion in full and will dismiss this case without prejudice.

1. **STANDARD OF REVIEW**

    1.1 **Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2 **Exhaustion of Prisoner Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of

litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id*. § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

---

[1] The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Defendants' motion for summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as described in detail above. The Court finds the following facts relevant to the disposition of the issue at hand.

### 2.1 Plaintiff's Allegations

Plaintiff alleges that on December 28, 2021, he was hit in the head by drywall/tile, and it caused him to fall and injure himself. ECF No. 9 at 4. Sgt. Schrader witnessed Plaintiff on the shower floor in pain. *Id.* Schrader located the piece of ceiling on the floor (approximately 4x8 inches). *Id.* Plaintiff was taken to the Health Services Unit ("HSU") on December 29, 2021, and Schrader wrote an incident report. *Id.* Vossekuil was the building and grounds superintendent and L. Bartow forwarded Vossekuil the recommendation. *Id.* Plaintiff alleges that Defendants were aware of the drop ceiling tile falling because of numerous complaints about the ceiling falling on other people. *Id.* Additionally, staff had previously worked on the ceiling and left it unfinished for eighteen months. *Id.* Plaintiff then

Page 4 of 12
Case 2:23-cv-00250-JPS   Filed 12/14/23   Page 4 of 12   Document 22

contacted HSU and stated that he needed physical therapy for his back due to pain. *Id.* Plaintiff was instructed that he would be seen by nursing. *Id.*

On February 11, 2022, Plaintiff again contacted HSU stating that he was in so much pain, that his head and back hurt, and that he no longer had pain medication. *Id.* On February 13, 2022, ceiling tile fell again (Plaintiff was not injured). Vossekuil was still aware of the harmful ceiling tile, but he refused to fix it. *Id.*

On February 20, 2022, Plaintiff contacted HSU for his pain. *Id.* at 5. On February 21, 2022, Plaintiff contacted HSU again for his pain and stated, "PLEASE HELP ME my neck hurt so bad I don't know what it is." *Id.* Plaintiff contacted HSU again on April 9, 2022, to obtain muscle relaxers and an extra mat. *Id.* Plaintiff contacted HSU again on May 3, 2022. *Id.*

On June 7, 2022, Plaintiff submitted a health service request about his May 3 request. *Id.* HSU wrote back saying that an appointment was scheduled but Plaintiff never received one. *Id.* A month later, HSU responded that a provider appointment was scheduled on May 12, 2022, for hypertension/dry skin and a provider appointment was re-entered for back pain. *Id.* On July 18, 2022, Plaintiff contacted PSU that he was having dreams of falling and was unable to sleep. *Id.*

On February 16, 2022, Plaintiff contacted psychological services, stating that he needed to see someone because he hit his head, and he was unable to sleep. *Id.* After falling in the shower on February 20, 2022, Plaintiff wrote to psychological services again. *Id.* Dowling responded that Plaintiff should communicate his medical concerns to HSU and she intentionally overlooked the psychological outcome of Plaintiff's injuries. *Id.*

**2.2. Exhaustion Facts[2]**

Plaintiff is an inmate in the custody of the Wisconsin Department of Corrections. At all times relevant to this lawsuit, Plaintiff was housed at Fox Lake Correctional Institution ("FLCI"). DPFF 1. Vossekuil and Dowling worked at FLCI at times relevant to this lawsuit. DPFF 2, 3. Wisconsin has established the Inmate Complaint Review System ("ICRS"), which gives inmates a mechanism to file complaints related to significant issues regarding rules, living conditions, and staff actions affecting institution environment as the principal administrative remedy for those in state custody. DPFF 4. Under the ICRS, an inmate must file a complaint with the Institution Complaint Examiner ("ICE") consistent with the provisions of Wis. Admin. Code ch. DOC § 310. The ICE will then process the complaint pursuant to Wis. Admin. Code ch. DOC § 310.10. DPFF 5. Under DOC § 310.07(2), an inmate must file a complaint within fourteen calendar days after the event giving rise to the complaint, except that the ICE may accept a late complaint for good cause. DPFF 6.

In Emily Davidson's ("Davidson") capacity as an ICE, she is primarily responsible for performing investigations of offender complaints appealed to the Secretary and recommending decisions and disposition narratives for approval by the Secretary. DPFF 7. Davidson has access to the Inmate Complaint Tracking System ("ICTS"), which is a database that stores all documents and reports submitted and generated through the ICRS. DPFF 8. Davidson is not a defendant in this lawsuit, but she has reviewed the Court's screening Order. DPFF 9. Davidson has diligently

---

[2]Defendants submitted proposed findings of fact. ECF No. 14. Plaintiff submitted a response to these facts and does not dispute any of the proposed facts. ECF No. 20. As such, and for simplicity, the Court will refer only to Defendants' proposed findings of fact ("DPFF").

searched and examined the ICTS for records related to inmate complaints and appeals filed by Plaintiff that are relevant to the claims in this case. DPFF 10.

Based on Davidson's review, Plaintiff submitted two inmate complaints related to medical care in February of 2022: inmate complaint FLCI-2022-3406 and associated documents and inmate complaint FLCI-2022-3682 and associated documents. DPFF 11. Plaintiff has not filed any inmate complaints which are related to the need for medical attention for his psychological medical condition. DPFF 12.

Based on Davidson's review, Plaintiff submitted two inmate complaints related to the state of the ceiling tiles at FLCI: inmate complaint FLCI-2022-3416 and associated documents and inmate complaint FLCI-2022-468 and associated documents. DPFF 13. Plaintiff has not filed any other inmate complaints which are related to the state of the ceiling tiles at FLCI. DPFF 14.

### 3. ANALYSIS

Defendants request summary judgment on a single ground: that Plaintiff failed to exhaust his administrative remedies as to both claims before filing the instant lawsuit. The parties agree on all material facts. *See* ECF Nos. 14, 20. Importantly, Plaintiff agrees that he did not file any inmate complaints related to the need for medical attention for his psychological medical condition, *see* ECF No. 20 at 3, and does not make any argument in his opposition that he exhausted his claim against Dowling, *see* ECF No. 19. The only claim against Dowling is that she failed to provide him adequate medical treatment for his psychological condition. ECF No. 11 at 7. As such, the Court finds that the undisputed facts show that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim against Dowling and will dismiss the claim against her without prejudice.

*See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (finding all exhaustion dismissals should be without prejudice).[3]

Similarly, the parties agree on all material facts pertinent to the Eight Amendment conditions and confinement claim against Vossekuil. The parties agree that Plaintiff filed an inmate complaint, FLCI-2022-468, in relation to the ceiling tiles. The parties further agree that Plaintiff properly exhausted that inmate complaint. The parties dispute, however, the legal question of whether FLCI-2022-468 exhausted the claim against Vossekuil for an Eighth Amendment conditions and confinement claim for deliberate indifference.[4] Defendants argue that the issue raised in Plaintiff's inmate complaint was far narrower than the claim he attempts to bring in this case. As such, Defendants argue that the claim against Vossekuil should be dismissed for Plaintiff's failure to exhaust administrative remedies.

One purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley,* 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995.

---

[3]The Court acknowledges that Plaintiff did file two complaints regarding his medical treatment generally: inmate complaint FLCI-2022-3406 and inmate complaint FLCI-2022-3682. ECF No. 14 at 3. As Defendants point out, however, these complaints did not involve the claim against Dowling and any psychological treatment, and, even if they did, Plaintiff did not fully exhaust these two inmate complaints. ECF No. 13 at 8–9.

[4]Plaintiff did file another inmate complaint regarding the ceiling tiles: FLCI-2022-3416. ECF No. 20 at 3. Plaintiff does not argue, however, that this complaint exhausted his claim against Vossekuil. *See* ECF No. 19. Regardless, Plaintiff did not appeal the dismissal of this complaint in order to fully exhaust the complaint. *See* ECF No. 13 at 11.

To provide notice of the conduct complained of, an inmate's complaint must contain the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where those rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). An inmate need not state "facts, articulate legal theories, or demand particular relief," nor must he name each potential defendant, so long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650; *Riccardo*, 375 F.3d at 524. In this way, the approach to interpreting inmate complaints is akin to the federal notice pleading system. *Dye v. Kingston*, 130 F. App'x 52, 55 (7th Cir. 2005). Wisconsin's administrative rules provide little guidance as to the required contents of an inmate complaint; however, those rules do require that offender complaints "[c]ontain only one issue per complaint, and [] clearly identify the issue." Wis. Admin. Code DOC § 310.09(1)(e).

Here, Defendants acknowledge that Plaintiff complained about the falling ceiling tiles. ECF No. 13 at 10. Defendants maintain, however, that this inmate complaint failed to provide notice of the Eighth Amendment deliberate indifference claim against Vossekuil. In determining this issue, the Court finds it important to look at the specific language used in Plaintiff's inmate complaint. Plaintiff's exhausted inmate complaint, FLCI-2022-468, states as follows in describing the one issue of the complaint: "(Negligence) While taking a shower a large piece of drywall fell from the ceiling striking me on the head causing me to slip and fall." ECF No. 15-5. When responding to the question regarding who Plaintiff attempted to resolve the issue with and the result, Plaintiff wrote the following: "[T]he nurse at H.S.U and Lt Belongia [] spoke with me about the incident. He took photos of my head, the piece of drywall and the ceiling of the bathroom's

shower area. Lt. Belongia said that he told someone about the ceiling tiles in the bathroom needed fixed." *Id.* In response to details surrounding the complaint, Plaintiff wrote: "On 12-28-21 while showering, a large piece of drywall (ceiling tile) fell on my head. I loss[sic] my balance and slipped. I landed on my back, butt and the back of my head hit the floor. I received medical attention from H.S.U. *Id.*

Defendants argue that the claim Plaintiff asserted in this inmate complaint "reflects, at most, state law negligence" and that it did not put the prison on notice regarding his claim that Vossekuil (or any other prison official) was deliberately indifferent to the state of the ceiling tiles. ECF No. 13 at 10-11. The Seventh Circuit's recent decision in *Schillinger v. Kiley* is instructive on this issue.

In *Schillinger*, the Seventh Circuit found that a state prisoner failed to exhaust all available administrative remedies because the complaint that he submitted to the prison was not specific enough. 954 F.3d at 996. The prisoner sued several prison officials for not protecting him from an attack by another inmate. *Id.* The applicable state law provided that "a prisoner must 'clearly identify the issue' in an inmate complaint," but it did not specify "what it takes to satisfy this requirement." *Id.* at 995. The prisoner's complaint mentioned none of the officials by name, nor did it show that any officials "had reason to know in advance that an attack might occur and failed to take appropriate measures to prevent it." *Id.* The Seventh Circuit therefore concluded that even though the inmate gave a thorough description of the incident, he did not put the prison on notice that he intended asserting a failure-to-protect claim. *Id.*

Applying that logic here, the Court finds that Plaintiff's inmate complaint failed to provide notice to the prison of the claim brought against Vossekuil in this case. Plaintiff's inmate complaint, FLCI-2022-468, dealt

Page 10 of 12

Case 2:23-cv-00250-JPS    Filed 12/14/23    Page 10 of 12    Document 22

with the issue of the ceiling tiles falling on him—not Vossekuil (or anyone else) failing to fix the known dangerous ceiling tiles. The allegations in Plaintiff's complaint in this case relate Vossekuil being deliberately indifferent to the dangerous ceiling tiles—which is not the same issue presented in FLCI-2022-468. Given this, the Court finds that FLCI-2022-468 did not exhaust the claim against Vossekuil in this case.

The Court is mindful of the fact that inmate complaints need not articulate legal theories or specifically name every individual defendant. *See Strong,* 297 F.3d at 650. The Court does not find, however, that Plaintiff's inmate complaint met the threshold requirement of putting the prison on notice of the claim against Vossekuil here. The issue is not that the inmate complaint failed to specifically name Vossekuil, but rather that if failed to articulate the facts of what he allegedly did wrong. Plaintiff's inmate complaint in a nutshell involved the fact that the ceiling tile was a hazard—not that Vossekuil or any other official knew about the hazard before his accident and nonetheless failed to act. Plaintiff's inmate complaint did not give prison officials the opportunity to resolve his issue prior to this litigation. As such, the Court finds that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim against Vossekuil. The Court will accordingly grant Defendants' motion for summary judgment and dismiss the claim against Vossekuil without prejudice. *See Ford,* 362 F.3d at 401.

4. **CONCLUSION**

For the reasons explained above, the Court will grant Defendants' motion for summary judgment, ECF No. 12, in full. The Court finds that Plaintiff failed to properly exhaust his administrative remedies as to his two separate claims in this case against Dowling and Vossekuil. The Court will accordingly dismiss this case without prejudice.

Page 11 of 12
Case 2:23-cv-00250-JPS   Filed 12/14/23   Page 11 of 12   Document 22

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment, ECF No. 12, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See id. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.